**Robert L. CARPENTER,
Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF TRANSPORTATION; Samuel K. Skinner, Secretary of the Department of Transportation; Federal Highway Administration, et al., Defendants–Appellees.**

**Robert L. CARPENTER,
Plaintiff–Petitioner,**

**v.**

**DEPARTMENT OF TRANSPORTATION, et al., Defendants–Respondents.**

Nos. 92–15943, 92–70253.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1993.

Decided Jan. 3, 1994.

Linda D. Kilb, Disability Rights Educ. and Defense Fund, Inc., Berkeley, CA, for plaintiff-appellant-petitioner.

Robert Zener, Dept. of Justice, Washington, DC, for defendants-respondents-appellees.

Before: TANG, TROTT and FERNANDEZ, Circuit Judges.

TROTT, Circuit Judge:

The central question in this case is whether a Federal Highway Administration (FHWA) safety regulation can be challenged in district court under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, or whether the Hobbs Act, 28 U.S.C. §§ 2321, 2342, requires that such a challenge be brought only in the court of appeals. We hold that because the Hobbs Act grants exclusive jurisdiction for review of FHWA regulations to the court of appeals, the district court correctly transferred Carpenter's action to this court. We then dismiss the petition as untimely because it was not filed within the 60–day time period allowed under the Hobbs Act.

## I

## BACKGROUND

Appellant Robert Carpenter is an interstate truck driver who has had monocular vision (vision in only one eye) since he was a child. Prior to 1991, he had been a licensed interstate truck driver for 31 years. In 1991, the FHWA discovered that Carpenter is monocular and disqualified him from driving in interstate commerce because he did not satisfy the FHWA vision standard requiring a certain visual acuity in each eye. Carpenter filed an administrative appeal, but this appeal was denied by the FHWA in a Final Order confirming his disqualification.

Carpenter then filed a complaint in the district court, alleging violations of his civil rights and requesting damages and injunctive relief. The district court held that it lacked subject matter jurisdiction to hear Carpenter's claim because the Hobbs Act granted jurisdiction exclusively to the courts of appeals. The district court, therefore, ordered the action transferred to this court, pursuant to 28 U.S.C. § 1631, to proceed as a petition for review of agency action under the Hobbs Act. Carpenter appealed the transfer order, and that appeal was consolidated, in this action, with the petition for review. This court has jurisdiction over the appeal from the transfer order under 28 U.S.C. § 1291. At issue in the case is whether this court or the district court has jurisdiction over the original challenge to the FHWA regulation.[1]

## II

## THE HOBBS ACT AND § 504

Carpenter argues that this case must be remanded to the district court because he is entitled, under § 504 of the Rehabilitation Act, to a private right of action for damages in the district court against the FHWA. We review de novo the district court's determination that it lacked subject matter jurisdiction because of the Hobbs Act. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.,* 970 F.2d 552, 554 (9th Cir.1992).

The connection between the Hobbs Act and the FHWA is somewhat convoluted. In 1966, when Congress created the Department of Transportation, and, within it, the FHWA, Congress transferred responsibility for regulating motor carrier safety and qualifications from the Interstate Commerce Commission to the Transportation Department. *See* Department of Transportation

---

1. After Carpenter's disqualification, and after the litigation in this case began, the FHWA instituted a vision waiver program under which the current vision standards would be waived in some cases as part of a study "exploring the feasibility of relaxing the current absolute vision standards." 57 Fed.Reg. 10295 (March 25, 1992). Carpenter applied for, and was given, a waiver as part of this program, and he is, therefore, once again able to drive in interstate commerce. This waiver does not make the controversy in this case moot because the program is only temporary and because the FHWA could once again disqualify Carpenter at any time. *See City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982).

Act, Pub.L. No. 89–670, § 6(e)(6)(C), 80 stat. 939 (1966) (codified as amended at 49 U.S.C. § 3102(b) (1993)). This change, however, did not alter the procedures for judicial review of motor regulations. *Owner–Operators Ind. Drivers Ass'n v. Skinner*, 931 F.2d 582, 585 (9th Cir.1991). Congress specifically stated that the Department of Transportation's orders and actions would remain "subject to judicial review to the same extent and in the same manner as if such orders and actions had been by the department or agency exercising such functions, powers, and duties immediately preceding their transfer." *Id.* (quoting 49 U.S.C. § 1653(c) (1970)).

■ Prior to 1966, ICC orders were reviewed by three-judge district courts, with a right of direct appeal to the Supreme Court. *Id.* Therefore, after the transfer in 1966, three-judge district courts reviewed Transportation Department actions. In 1975, however, Congress enacted the Hobbs Act. The Hobbs Act altered the path of review for ICC actions, replacing review by the three-judge district court with a right of direct appeal to the court of appeals.[2] *Id.* (citing 28 U.S.C. §§ 2321, 2342(5) (1976)). "Court of appeals jurisdiction is exclusive." *Id.* (citing 28 U.S.C. § 2342 (1988)). The Hobbs Act does not give the court of appeals the power to award monetary damages.

This court, in *Owner–Operators*, held that review of FHWA regulations must continue to mirror review of ICC procedures, and therefore must take place in the courts of appeals rather than the district courts. *Id.* at 586. Other circuits have reached the same conclusion. *See Clark v. Skinner*, 937 F.2d 123, 127 (4th Cir.1991); *Cousins v. Secretary of the United States Dept. of Transp.*, 880 F.2d 603, 611 (1st Cir.1989) (en banc).

Carpenter argues, however, that *Owner– Operators* is not controlling here because two other opinions by this court have held that § 504 of the Rehabilitation Act creates a private right of action against the government in the district courts. *See J.L. v. Social Sec. Admin.*, 971 F.2d 260, 269–70 (9th Cir.1992); *Doe v. Attorney General*, 941 F.2d 780, 794 (9th Cir.1991). The lawsuit in *J.L.* was brought against the Social Security Administration ("SSA") by persons claiming that the SSA maintained certain application procedures that discriminated against them on the basis of their mental handicaps. In *Doe*, the claim was filed against the Attorney General of the United States and the Federal Bureau of Investigation by a doctor who claimed the FBI stopped referring its agents to him for medical examinations because he had contracted AIDS.

At the time Carpenter brought his action in district court, § 504 stated, "No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity ... conducted by any Executive agency." 29 U.S.C. § 794 (1988).[3] Carpenter claims that the FHWA's application of its vision standard to him violates § 504.

In both *Doe* and *J.L.*, this court held that certain claims against the government under § 504 do not have to proceed through the administrative forums created by the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 703, but rather can be brought in

---

**2.** The Hobbs Act states, "Except as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or in part, a rule, regulation, or order of the Interstate Commerce Commission shall be brought in the court of appeals." 28 U.S.C. § 2321(a). Moreover, the Act provides that "[t]he Court of Appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of ... all rules, regulations, or final orders of the Interstate Commerce Commission." 28 U.S.C. § 2342.

**3.** In 1992, Congress amended the wording of this section. *See* Pub.L. No. 102–569, Title I, § 102(p)(32), Title V, § 506, Rehabilitation Act Amendments of 1992, 106 Stat. 4360, 4428 (1992) (to be codified at 29 U.S.C. § 794(a)). It now reads, "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity ... conducted by any Executive agency." *Id.* This new wording changes neither the substance of the statute nor its application to Carpenter.

district court. *J.L.*, 971 F.2d at 269–70; *Doe*, 941 F.2d at 794. Like the Hobbs Act, the APA does not provide for money damages.[4] The court in *Doe* concluded that "[t]he Rehabilitation Act's legislative history ... demonstrates Congress's intent not to limit victims of government discrimination to enforcement through injunctive relief under the APA but to permit enforcement through the same means available against private parties: enforcement in the courts with damages and equitable remedies." 941 F.2d at 794.

Because section 504 provides a right to sue for damages and because this right does not exist under the Hobbs Act, Carpenter contends his action should be allowed to proceed under section 504 because the Hobbs Act provisions are inadequate. He argues that the Hobbs Act need not be invoked since it applies "except as otherwise provided by an Act of Congress." 28 U.S.C. § 2321.

The flaw in this argument is that it would undermine the result that Congress intended when it adopted the Hobbs Act. By creating a strict time frame for review and by bypassing the district courts, Congress hoped to increase the speed, efficiency and consistency of judicial review of ICC and DOT actions. H.R.Rep. No. 1569, 93rd Cong., 2d Sess. 4 (1974), *reprinted in* 1974 U.S.C.C.A.N 7025, 7033–7034. It would be inconsistent with this intent to allow those who wish to challenge DOT regulations the opportunity to avoid the jurisdictional and time limitations of the Hobbs Act by simply invoking the Rehabilitation Act and adding damages to their complaint.

This court reached a similar conclusion in *Owner–Operators*. That case involved a challenge to the FHWA's drug testing regulations for commercial vehicle drivers. 931 F.2d at 584. The plaintiffs filed suit in federal district court, alleging that the regulations violated numerous statutes as well as provisions of the United States Constitution and invoking the district court's general federal question jurisdiction and jurisdiction over commerce. *Id.* The district court certified the question of whether it had jurisdiction for

interlocutory appeal, and this court held that jurisdiction lay with the court of appeals rather than the district court. *Id.* at 590. We explained:

> Specific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts. A contrary holding would encourage circumvention of Congress's particular jurisdictional assignment. It would also result in fractured judicial review of agency decisions, with all of its attendant confusion, delay, and expense.

*Id.* at 589 (citations omitted). At least two other circuits have reached a similar conclusion. *See Media Access Project v. Federal Communications Comm'n*, 883 F.2d 1063, 1067–68 (D.C.Cir.1989); *Connors v. Amax Coal Co.*, 858 F.2d 1226, 1231 (7th Cir.1988) ("generally, when jurisdiction to review administrative determinations is vested in the courts of appeals these specific, exclusive jurisdiction provisions preempt district court jurisdiction over related issues under other statutes").

The Supreme Court reached a similar conclusion in *Brown v. General Servs. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Court ruled, in *Brown*, that § 717 of the Civil Rights Act is the exclusive remedy available to a federal employee complaining about job-related discrimination. *Id.* at 835, 96 S.Ct. at 1969. According to the Court, "It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading.... [A] precisely drawn, detailed statute pre-empts more general remedies." *Id.* at 833–34, 96 S.Ct. at 1968.

Furthermore, this court's rulings in *Doe* and *J.L.* that § 504 creates a private right of action for damages can be distinguished from the present case. While those cases stand for the proposition that § 504 can prevail over the general administrative procedures set out in the APA, neither case involved a specific, exclusive grant of authority to the courts of appeals like that in the Hobbs Act.

---

**4.** The APA allows persons " 'suffering legal wrong because of agency action' to obtain judicial review and relief 'other than money dam-

ages.' " *J.L.*, 971 F.2d at 264 (quoting 5 U.S.C. § 702).

Therefore, we hold that in light of the Supreme Court's holding in *Brown* and this court's decision in *Owner–Operators*, the district court was correct in determining that jurisdiction lies with the court of appeals. We affirm the district court's transfer order.

### III

### TIMELINESS

This court must next determine if it has jurisdiction to hear the transferred petition for review of agency action. Under the transfer statute, the transferred action "shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred." 28 U.S.C. § 1631 (1988). Thus, for jurisdictional purposes, we treat Carpenter's claim as if it were filed with this court on November 6, 1991, the date it was originally filed with the district court.

Carpenter's petition is an appeal from the June 14, 1991 final order of the FHWA. The Hobbs Act requires that "[a]ny party aggrieved by the final order ..., within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344. Carpenter's petition was not filed within 60 days of the final order and is, therefore, not timely.

■ Carpenter argues that the Hobbs Act's 60–day time limit should not be adhered to in this case because the doctrine of equitable tolling applies, given his good faith pursuit of a claim under § 504.

Federal courts, however, have extended equitable relief only sparingly. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Supreme Court stated in *Irwin:*

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the

claimant failed to exercise due diligence in preserving his legal rights.

*Id.* (footnotes omitted). Carpenter did not file any pleading during the statutory period and was in no way tricked or induced into letting the statutory period pass. The doctrine of equitable tolling, therefore, should not be applied. Consequently, we dismiss Carpenter's petition for review of agency action as untimely.

The district court's transfer order is AFFIRMED and the petition for review is DISMISSED.