CITY OF YAKIMA, a Washington Municipal Corporation, Plaintiff,

v.

The SURFACE TRANSPORTATION BOARD, and Linda J. Morgan, in her official capacity as Chairman of the Surface Transportation Board, an agency of the United States Government, and the Environmental Protection Agency, and Carol J. Browner, in her official capacity as Administrator of the Environmental Protection Agency, and Burlington Northern Santa Fe Corp., BNSF Acquisition, Inc., and the Burlington Northern and Santa Fe Railway Co., Defendants.

No. CY–98–30331–AAM.

United States District Court, E.D. Washington.

Jan. 15, 1999.

strue Section IX(B)(3) to criminally prohibit certain non-obscene performances." (**Ct.Rec. 36, page 5**).

Raymond L. Paolella, City of Yakima Legal Department, Civil Division, Yakima, WA, Gregory T. Costello, Rodney L. Brown, Jr., Marten & Brown, LLP, Seattle, WA, for plaintiff.

Pamela J. DeRusha, Assistant United States Attorney, Spokane, WA, Evelyn G. Kitay, Surface Transportation Board, Office of General Counsel, Washington, DC, Lisa Russell, Trial Attorney, Environmental Defense Section, Department of Justice, Washington, DC, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

McDONALD, District Judge.

BEFORE THE COURT is intervenor-defendant Burlington Northern Santa Fe Corporation's ("BNSF") motion to dismiss for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(b)(1) **(Ct.Rec.20)** and motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6) **(Ct. Rec.23).** The United States Government defendants, the Surface Transportation Board ("STB") and the Environmental Protection Agency ("EPA"), have also filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. **Ct.Rec. 31.**

### Background

In 1996, pursuant to 49 U.S.C. § 11323(a)(2), BNSF sought STB approval to reacquire a portion of the Stampede Pass line from the Washington Central Railroad Company. In accordance with the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321–4371d, and the STB's own rules, 49 C.F.R. Part 1105, the STB conducted an environmental review of BNSF's proposed operation of the Stampede Pass line. *See Auburn v. U.S. Government,* 154 F.3d 1025 (9th Cir. 1998). Federal Register notice invited all interested parties to comment on all aspects of the proposal.

In September 1996, the STB issued an Environmental Assessment ("EA"). 49 C.F.R. § 1105.6(b)(4). The STB requested comment on all aspects of the EA by all interested persons. STB issued an order approving the BNSF's proposal in October 1996.

The cities of Yakima, Kent, and Auburn, Washington brought suit against the STB in the Ninth Circuit Court of Appeals challenging STB's finding of federal preemption of state and local environmental review laws and objecting to the lack of a full Environmental Impact Statement ("EIS"). The cities of Yakima and Kent reached settlement agreements with BNSF.

The City of Yakima now seeks declaratory and injunctive relief against the STB and the EPA under the citizen suit provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7506, to require the STB and the EPA to remedy violations of the CAA conformity provision committed when the STB approved the reopening of the Stampede Pass Rail line by BNSF. The Clean Air Act establishes a joint state and federal program to control the Nation's air pollution. CAA section 109, 42 U.S.C. § 7409, requires the EPA to establish national ambient air quality standards (NAAQS) for certain pollutants. Section 110(a)(1), 42 U.S.C. § 7401(a)(1), requires each state to adopt and submit to the EPA for approval a state implementation plan ("SIP") which provides for implementation, maintenance and enforcement of the NAAQS in a designated region. A SIP must specify emission limitations and other measures necessary to attain and maintain the NAAQS for each pollutant. 42 U.S.C. § 7410(a)(2)(A)–(K).

Section 176(c)(1) of the CAA provides that if the conformity provision applies, no federal agency shall "provide financial assistance for, license or permit, or approve, any activity which does not conform" to an approved SIP. 42 U.S.C. § 7506(c)(1). This section further provides that each agency is responsible for ensuring "conformity." *See* 42 U.S.C. § 7506(c)(1)(A)–(B).

The City as the party asserting jurisdiction in federal district court has the burden of proving all jurisdictional facts. *Industrial Tectonics, Inc., v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir.1990).

## Discussion

### A. Hobbs Act

Defendants assert that the district court lacks jurisdiction because a challenge to a final order of the STB may be brought only the in the court of appeals. The Hobbs Act provides:

> Except as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or in part, a rule, regulation, or order of the Surface Transportation Board shall be brought in the court of appeals as provided by and in the manner prescribed in chapter 158 of this title.

28 U.S.C. § 2321(a). Chapter 158, 28 U.S.C. § 2342 provides in relevant part:

> The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or determine the validity of ... all rules, regulations, or final orders of the Surface Transportation Board made reviewable by section 2321 of this title....

28 U.S.C. § 2342.

The City asserts that the Hobbs Act is inapplicable and therefore, jurisdiction is properly in district court. In support, the City presents five arguments worthy of consideration, but ultimately unpersuasive.

### 1. Another Act of Congress provides for jurisdiction

■ The City first asserts that the Hobbs Act is inapplicable to their claims due to the "[e]xcept as otherwise provided by an Act of Congress" language of 28 U.S.C. § 2321. The City argues that the plain language of the Hobbs Act dictates that when another Act of Congress pro-

vides for district court jurisdiction, the Hobbs Act does not apply.

Defendants argue that the "[e]xcept as otherwise provided by an Act of Congress" language of 28 U.S.C. § 2321 refers to a very narrow class of statutes which expressly give district courts jurisdiction over STB cases. *See* 28 U.S.C. § 1336(a) (involving STB orders for the payment of money) and 28 U.S.C. § 1336(b) (involving STB orders issued following referrals from district court). The Ninth Circuit has held that "[s]pecific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts." *Carpenter v. Department of Transportation,* 13 F.3d 313, 316 (9th Cir. 1994) (citing *Owner–Operators Independent Drivers Assoc. Of America, Inc. v. Skinner,* 931 F.2d 582, 589 (9th Cir.1991)). The court further noted that "[a] contrary holding would encourage circumvention of Congress's particular jurisdictional assignment" and would result in "fractured judicial review of agency decisions." *Id.*

The Ninth Circuit addressed the issue of specific and general jurisdiction in the context of a citizen suit provision in *Northwest Resource Information Center, Inc., v. National Marine Fisheries Service,* 25 F.3d 872 (9th Cir.1994). In *Northwest Resource,* the plaintiff asserted that the authorization of citizen suits under the Endangered Species Act, 16 U.S.C. § 1540(g) took precedence over the jurisdictional provision of the Northwest Power Act.[1] The court found that the Endangered Species Act confers general jurisdiction, whereas, the Northwest Power Act is specific in its jurisdictional requirements that claims be brought in the court of appeals. *Id.* at 875. The court concluded that the Northwest Power Act's jurisdictional requirements were controlling over the more general requirements of the Endangered Species Act and that jurisdiction properly resided in the court of appeals. *Id.*

---

1. The Northwest Power Act provides that any challenges to the final actions of the Bonne- ville Power Administration must be filed in the court of appeals. 16 U.S.C. § 839f(e)(5).

Similarly, the City's argument that the authorization of citizen suits under the CAA takes precedence over the specific jurisdictional requirements of the Hobbs Act is unpersuasive.

### 2. City is not challenging a "final order" of the STB

Second, the City argues that the Hobbs Act does not apply because the City is not challenging a final order of the STB. The Hobbs Acts grants the court of appeals exclusive jurisdiction "to enjoin, set aside, suspend (in whole or in part), or determine the validity of ... all rules, regulations, or *final orders* of the Surface Transportation Board...." 28 U.S.C. § 2342 (emphasis added.)

■ Agency action is final·if the action marks the "consummation" of the agency's decision making process and the action determines the rights and obligations of the parties or has some legal consequence. *Western Radio Services Co., Inc., v. Glickman,* 123 F.3d 1189, 1196–97 (9th Cir.1997) (*citing Bennett v. Spear,* 520 U.S. 154, 168, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). The City asserts there is no final agency action regarding the issue of conformity because the STB failed to even consider conformity in their decision making process.

■ However, even if the City is not seeking review of a final order of the STB, this court still lacks jurisdiction over the City's claims. "[W]here a statute commits review of final agency action to the court of appeals, any suit seeking relief that might affect the court's future jurisdiction is subject to its exclusive review." *Utility Comm'r of Or.v. Bonneville Power Admin.,* 767 F.2d 622, 626 (9th Cir.1985) (citing *Telecommunications Research and Action Center ("TRAC") v. F.C.C.,* 750 F.2d 70, 75, 77–79 (D.C.Cir.1984) and *Air Line Pilots Ass'n, Int'l ("ALPA") v. C.A.B.,* 750 F.2d 81 (D.C.Cir.1984)). *TRAC* held that "present jurisdiction over claims that affect our further statutory review is exclusive," because "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other cases covered by that statute." *TRAC,* 750 F.2d at 77. The holding in *TRAC* has been followed by the courts of the Ninth Circuit. *See Clark v. Busey,* 959 F.2d 808, 812 (9th Cir.1992); *Public Util. Comm'r v. Bonneville Power Admin.,* 767 F.2d 622, 626 (9th Cir.1985).

Thus, regardless of how the STB's action regarding the conformity provision is characterized, jurisdiction lies with the court of appeals.

### 3. City is Not Challenging the Merits of the STB's Order

■ Third, the City contends that it is not challenging the merits of the STB's order. "The statutory procedure for review is applicable although an order is not directly attacked so long as the practical effect of a successful suit would contradict or countermand a Commission order." *B.F. Goodrich Company v. Northwest Industries, Inc.,* 424 F.2d 1349 (1970) (citations omitted).

The City argues that a successful suit would not contradict or countermand the STB's order. Rather, the City asserts that the issues raised in its CAA claim are wholly separable from the·issues decided in the STB order. Courts, including the Ninth Circuit, have rejected the contention that environmental challenges are separable. *See Northwest Resource Information Center, Inc. v. National Marine Fisheries Serv.,* 25 F.3d 872, 875 (9th Cir.1994) (Endangered Species Act challenge not separable).

Furthermore, the Ninth Circuit made the following distinction to identify claims over which the district court had jurisdiction: "Does the appeal broadly challenge the constitutionality of the [agency's] action—in which case the district court could have jurisdiction—or is the appeal 'inescapably intertwined with a review of the procedures and merits surrounding the [agency's] order?'" *Crist v. Leippe,* 138

F.3d 801, 803 (9th Cir.1998) (citing *Mace v. Skinner*, 34 F.3d 854, 859–60 (9th Cir. 1994) (citations omitted)).

The City does not broadly challenge the constitutionality of the agency's action. However, the issue of whether the STB completed a conformity determination prior to approving BNSF's operation of the Stampede Pass line is necessarily intertwined with a review of the procedures surrounding the agency's final determination. Therefore, jurisdiction is properly in the court of appeals.

## 4. No record for review

■ Fourth, the City asserts that the Hobbs Act is inapplicable because there is no administrative record regarding the conformity provision for the court of appeals to review. As the Ninth Circuit noted in *Auburn v. U.S. Government*, 154 F.3d 1025 (9th Cir.1998), judicial review of an agency's handling of environmental issues "almost always should be based upon the record presented to the agency." *Id.* at 1032, n. 8 (citations omitted). However, as defendants point out, the City could have made the issue of conformity part of the record by raising the issue during the administrative proceedings or could have filed a motion with the STB to reopen the agency proceeding to receive additional evidence. *See* 49 U.S.C. § 722(c); 49 C.F.R. § 1115.4; *Los Angeles v. FAA*, 138 F.3d 806, 808–809 (9th Cir.1998). Defendants assert that the City's failure to raise the conformity issue at the administrative level precludes review by this court. *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 539–40, 553, 558, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (arguments not forcefully raised before the agency should not be considered on review); *Duval v. Donovan*, 650 F.2d 1051, 1055 (9th Cir.1981) (court refused to consider an objection not raised in front of administrative agency).

Moreover, the court of appeals has a mechanism for further developing the administrative record if appropriate. The Hobbs Act provides that the court of appeals may order that additional evidence be taken by the agency if the requesting party shows to the satisfaction of the court that the additional evidence is material and that there were reasonable grounds for failure to present the evidence before the agency. 28 U.S.C. § 2347(c). Therefore, the fact that the administrative record may be incomplete on the issue of conformity does not divest the court of appeals of jurisdiction.

## 5. Hobbs Act inapplicable when used to evade judicial review

Fifth, the City asserts that the Supreme Court has found that the Hobbs Act does not apply when an agency violates a statute, deprives the plaintiff of rights conferred by that statute, and there is no other avenue to have the agency's actions reviewed. *Leedom v. Kyne*, 358 U.S. 184, 189, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *accord Friends of the Crystal River v. U.S. E.P.A.*, 794 F.Supp. 674, 685 (W.D.Mich. 1992).

■ This argument is unpersuasive for two reasons. First, another avenue existed to seek review of the agency's actions. As noted previously, the City could have brought this action to the court of appeals pursuant to the Hobbs Act. The sixty day time period in which the City could have brought this claim pursuant to the Hobbs Act has expired. 28 U.S.C. § 2344. However, the fact that the City missed this deadline does not confer jurisdiction to the district court.

Second, contrary to the City's assertions, the application of the Hobbs Act will not deprive the plaintiff of rights conferred by statute. As will be discussed in more detail below, the CAA citizen suit provision does not provide for challenges to conformity determinations. *Conservation Law Found., Inc., v. Busey*, 79 F.3d 1250 (1st Cir.1996); *Coalition Against Columbus Center v. City of New York*, 967 F.2d 764 (2d Cir.1992); *Citizens Ass'n of*

*Georgetown Committee of 100 on Federal City v. Washington,* 535 F.2d 1318 (D.C.Cir.1976).

### B. Clean Air Act Citizen Suit Provision

Defendants also assert that the court lacks jurisdiction under the CAA citizen suit provision. 42 U.S.C. § 7604.

### 1. Conformity provision is not an emission limitation

■ CAA authorizes citizen suits: "against any person ... who is alleged to have violated ... or to be in violation of ... an emission standard or limitation under this chapter...." 42 U.S.C. § 7604(a)(1). The section defines "emission standard or limitation" to include: "a schedule or timetable of compliance, emission limitation, standard of performance or emission standard." 42 U.S.C. § 7604(f)(1). Courts have held that the CAA conformity determination does not fall within the definition of "emission standard or limitation," and therefore, that challenges to conformity determinations may not be brought under the citizen suit provision. *Conservation Law Found., Inc., v. Busey,* 79 F.3d 1250 (1st Cir.1996); *Coalition Against Columbus Center v. City of New York,* 967 F.2d 764 (2d Cir. 1992); *Citizens Ass'n of Georgetown Committee of 100 on Federal City v. Washington,* 535 F.2d 1318 (D.C.Cir.1976).

In *Conservation Law Found., Inc. v. Busey,* 79 F.3d 1250 (1st Cir.1996), the court carefully examined the language of the CAA, relevant legislative history and precedent and determined that a conformity determination is not an "emission limitation" for the purposes of the citizen suit provision. The term "emission limitation" is defined as "a requirement established by the State or the Administrator which limits the quantity, rate, or concentration of emissions of air pollutants on a continuous

basis...." 42 U.S.C. § 7602(k); *see also* 40 C.F.R. § 51.100(z) (EPA's regulations implementing the CAA).

"Emission limitation" is more specifically defined under the citizen suit provision of the CAA as:

> (1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard, ... [2]
>
> (3) any condition or requirement of a permit ..., any condition or requirement under an applicable implementation plan relating to transportation control measures, air quality maintenance plans ... or
>
> (4) any other standard, limitation, or schedule established under any permit issued pursuant to subchapter V of this chapter or under any applicable State implementation plan approved by the Administrator, any permit term or condition, and any requirement to obtain a permit as a condition of operations.

42 U.S.C. § 7604(f).

A conformity determination does not meet any of the applicable definitions of an "emission limitation." *Busey,* 79 F.3d at 1258–1260. The conformity provision is not "a requirement established by the State or Administrator" as set forth by 42 U.S.C. § 7602(k); it is a provision of the CAA enacted by Congress. *Busey,* 79 F.3d at 1258. The conformity provision does not itself limit emissions of air pollutants, but rather, is a provision which seeks to ensure conformity with existing emission standards or limitations. *Id.* Nor does the conformity provision qualify as "a condition or requirement of a permit ... [or a] condition or requirement under an applicable implementation plan...." 42 U.S.C. § 7604(f)(3). The conformity provision was enacted by Congress, rather than having been imposed by the terms of a permit or a SIP. *See Wilder v. Thomas,* 854 F.2d 605, 613 (2d Cir.1988).

---

**2.** Subsection (2) deals with motor vehicle fuel or fuel additive and is inapplicable to the City's claims.

Therefore, because the conformity provision is not an emission standard or limitation, it cannot serve as the basis of a citizen's suit.

### 2. Violation is not ongoing or repeated

■ Defendants further assert that the City can only bring a citizen suit if the alleged action is ongoing or repeated. A citizen suit may be brought against an agency "who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of ... an emission standard or limitation." 42 U.S.C. § 7604(a)(1). The City alleges that the violation is ongoing because every day the agency refuses to make a conformity determination constitutes a violation. Ct.Rec. 42, at 9.

The City cites no authority in support of this allegation. In addition, Ninth Circuit case law appears to support defendants' assertion that failure to perform a conformity determination would constitute only a single completed violation. *See United States v. Trident Seafoods Corp.,* 60 F.3d 556, 558 (9th Cir.1995) (holding that failure to provide notice under 42 U.S.C. § 7412 and implementing regulations of removal of asbestos constitutes a single violation). Therefore, the City is further barred from bringing a citizen suit because the STB's alleged violation is not ongoing.

### 3. EPA's duty is discretionary

■ Defendants assert that a citizen suit is not proper against the EPA because the EPA does not have a nondiscretionary duty to either investigate or require compliance with the conformity provision. A citizen suit against the EPA is available only "where there is alleged a failure of the Administrator to perform any act or duty ... which is not discretionary...." 42 U.S.C. § 7604(a)(2). Section 7413 states that "[w]henever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator *shall* notify the person and State in which the plan applies of such finding." 42 U.S.C. § 7604(a)(1) (emphasis added). The statute goes on to say that once such a finding is made the Administrator *may* issue an order requiring compliance, issue a penalty, or bring a civil action. *Id.*

The City asserts that this language imposes a mandatory duty on the EPA to initiate an enforcement action against the STB for violating the conformity provision. In support of this assertion the City relies on two cases which held that the EPA had a mandatory duty to make a finding that a party has violated a state implementation plan ("SIP"). *Wisconsin's Envtl. Decade, Inc. v. Wisconsin Power & Light Co.,* 395 F.Supp. 313 (D.Wis.1975); *South Carolina Wildlife Fed'n v. Alexander,* 457 F.Supp. 118 (D.S.C.1978).

Defendants point out that not only are these cases contrary to the well-established doctrine of enforcement discretion, *see Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), but they have been rejected by several courts. In *Seabrook v. Costle,* 659 F.2d 1371, 1374–75 (5th Cir.1981), the Fifth Circuit rejected *Wisconsin Envtl. Decade,* holding that the "principle of almost absolute discretion in initiating enforcement action should apply with equal force to the decision to take preliminary investigatory steps that would provide a basis for enforcement action."

In *Dubois v. Thomas,* 820 F.2d 943, 947 (8th Cir.1987) the Eighth Circuit sharply criticized *South Carolina Wildlife,* stating that the district court failed to "accord appropriate weight to the plain language of the statute" and "erred in completely ignoring [the] well established principal of judicial review." The court also explained that under *Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), the use of the word "shall" in a statute does not preclude an agency's exer-

cise of prosecutorial discretion. *Dubois,* 820 F.2d at 948.

In *Kennecott Copper Corp. v. Costle,* 572 F.2d 1349, 1353 (9th Cir.1978) the court held that the district court did not have jurisdiction under 42 U.S.C. § 7604 to compel the EPA to approve of a SIP because "the duty of the EPA to review the variance granted is one which is discretionary." [3]

Based upon the more recent case law and the plain language of the statute, the EPA's duty to initiate an enforcement action against the STB to either investigate or compel compliance with the conformity provision is discretionary and therefore, cannot be the basis of a citizen suit.

### Conclusion

The City as the party asserting jurisdiction has the burden of asserting jurisdictional facts. *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990). Despite extensive briefing, the City has failed to meet this burden. "The statutory and ... constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects." *Steel Co. v. Citizens For a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998).

Such is the case here. Under the provisions of the Hobbs Act and the Clean Air Act, the district court does not have jurisdiction over the City's claims. "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id.* Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (**Ct.Rec.20, 23, 31**) are **GRANTED.**

---

**3.** *Kennecott* recognized that the EPA had a non-discretionary duty to "make a decision regarding the state revision of" a SIP. 572 F.2d at 1354. However, it did so under a

The District Court Executive shall enter judgment accordingly, forward copies of this order to counsel, and close the file.

different statutory provision, 42 U.S.C. § 7410(a)(3), which was repealed by the 1990 Amendments to the CAA.