Darrell L. SMELTZER, George R. Gutierrez, Humberto Diaz, California State Legislative Board United Transportation Union, Plaintiffs,

v.

Honorable Rodney SLATER (Secretary of Transportation), Department of Transportation, Honorable Jolene Molitoris (Administrator, Federal Railroad Administration), and Federal Railroad Administration, Defendants.

No. CV 99–09490 DT SHX.

United States District Court, C.D. California, Western Division.

Feb. 28, 2000.

---

Lawrence M. Mann, Alper, Mann & Weisbaum, P.C., Washington, D.C., R. Edward Pfiester, Jr., R. Edward Pfiester, Jr., ALC, Los Angeles, California, for plaintiffs Darrell L. Smeltzer, George R. Gutierrez, Humberto Diaz, California State Legislative Board United Transportation Union.

W. Scott Simpson, Senior Counsel, U.S. Department of Justice, Civil Division, Washington, D.C., Daniel Smith, Assistant Chief Counsel, Federal Railroad Administration, Washington, D.C., Peter Plocki, Senior Trial Attorney, Office of General Counsel, U.S. Department of Transportation, Washington, D.C., of counsel, for defendants Honorable Rodney Slater (Secretary of Transportation), Department of Transportation, Honorable Jolene Molitoris (Administrator, Federal Railroad Administration), and Federal Railroad Administration.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH PREJUDICE

TEVRIZIAN, District Judge.

### I. *Background*

#### A. Factual Summary

This action is brought by Plaintiffs, Darrell L. Smeltzer, George R. Gutierrez,

Humberto Diaz, California State Legislative Board, United Transportation Union (Collectively, "Plaintiffs"), against Defendants, Honorable Rodney Slayer (Secretary of Transportation), Department of Transportation ("DOT"), Honorable Jolene Molitoris (Administrator, Federal Railroad Administration), and Federal Railroad Administration ("FRA"); (Collectively, "Defendants") seeking declaratory, monetary and injunctive relief for injuries suffered as a result of Defendants' violation of the Fifth Amendment rights to due process under the United States Constitution.

The following facts are alleged in the Complaint:

Plaintiffs are California residents employed by various railroad companies who are subject to the Department of Transportation alcohol and drug testing regulations. (Complaint, ¶ 4).

Defendants are Secretary of Transportation, Federal Railroad Administrator, Department of Transportation ("DOT") and Federal Railroad Administration ("FRA"); agencies of the United States government. (*Id.* at ¶ 5).

Plaintiffs have been accused of adulterating their urine samples submitted pursuant to the Defendants' alcohol and drug testing regulations. Plaintiffs contend that 49 C.F.R. § 219.709(b), as it applies to their alleged adulterated samples, denies Plaintiffs due process of law protected by the United States Constitution. (*Id.* at ¶ 6).

On December 27, 1989, the Department of Transportation promulgated regulations requiring random alcohol and drug testing to be administered for railroad employees by the FRA. Pursuant to Omnibus Transportation Employee Testing Act of 1991, such testing of safety sensitive railroad employees was mandated, *inter alia*, by Congress. (Complaint, ¶ 7).

In order to protect the integrity of the testing program, FRA authorized a retest of any sample determined to be positive by the medical review officer of the railroad which conducted the test. 49 C.F.R. § 219.708 [1]. However, no such procedure is provided if the sample is considered by the testing laboratory to be adulterated, and DOT issued a memorandum stating that a retest of the alleged adulterated sample is not allowed. (*Id.* at ¶ 8).

Following are claims made by individual Plaintiffs:

*Plaintiff Darrell L. Smeltzer:*

On January 30, 1999, Plaintiff Darrell L. Smeltzer was subjected to a random drug test. At the collection site, the urine sample was split so that in case of an alleged positive result, the said Plaintiff could request the split sample to be tested by another federally certified laboratory. (Complaint, ¶ 10).

Subsequently, the said Plaintiff was informed by his employer that his sample was determined by the railroad's medical review officer to be adulterated, and his employment was terminated. (*Id.* at ¶ 11).

On February 26, 1999, the medical review officer informed the said Plaintiff that he was not allowed to request a reanalysis of the specimen at another lab. (*Id.* at ¶ 11).

On March 2, 1999, the said Plaintiff was delivered a letter from the railroad's Manager of Drug and Alcohol Testing stating that reconfirmation tests are not allowed by the DOT. (*Id.* at ¶ 12).

*Plaintiff George R. Gutierrez:*

On January 24, 1994, Plaintiff George R. Gutierrez was subjected to random drug test. At the collection site, his urine sample was split so that in case of an alleged positive test result, the said Plaintiff could request the split sample to be tested by a federally certified laboratory of his choice. (*Id.* at ¶ 13).

---

**1.** Although Plaintiffs cite 49 C.F.R. § 219.709(b), this Court agrees with Defendants that the correct section is 49 C.F.R. § 219.708.

Subsequently, the said Plaintiff was informed by his employer that his urine sample was found by the railroad's medical review officer to be adulterated, and his employment was terminated. The said Plaintiff was further advised that he could not have the split sample analyzed because the DOT does not allow such tests. (*Id.* at ¶¶ 14–15).

*Plaintiff Humberto Diaz:*

On February 7, 1999, Plaintiff Humberto Diaz was subjected to random drug test. At the collection site, the urine sample was split so that in case of positive test result, the said Plaintiff could request the split sample to be tested by a federally certified laboratory of his choice. (*Id.* at ¶ 16).

Upon receiving the results of the urine test from the test laboratory, the said Plaintiff was informed by his employer that his sample was determined by the Railroad's Medical Review Officer to be adulterated, and his employment was terminated. (*Id.*)

The said Plaintiff was further advised that he was not allowed to have the split sample analyzed because the DOT does not allow such tests. (*Id.*)

As a result of being terminated, the said Plaintiffs have lost their wages, future job opportunities, and their reputation has been severely damaged, all due to the lack of an opportunity to challenge the accuracy of the alleged adulterated sample. (*Id.* at ¶ 17).

*Plaintiff California State Legislative Board, United Transportation Union:*

The Plaintiff, California State Legislative Board, United Transportation Union, in its representative capacity, seeks redress on behalf of all UTU members similarly situated. (*Id.* at ¶ 19).

**B. Procedural Summary**

On September 17, 1999, Plaintiffs filed a Complaint in this United States District Court asking this Court to grant:

1. Declaratory Relief;

2. Monetary Relief;

3. Injunctive Relief.

On January 18, 2000, Defendants filed a Motion to Dismiss pursuant to 12(b)(1) of the Federal Rule of Civil Procedure, on the grounds that this Court lacks jurisdiction over the subject matter, and, alternatively, under Rule 12(b)(6), on the grounds that Plaintiffs have failed to state a claim against Defendants upon which relief can be granted. This Motion is before this Court today.

**II. *Discussion***

**A. *Standard***

1. *Federal Rule of Civil Procedure 12(b)(1)*

Federal courts are courts of limited jurisdiction and a complaint must demonstrate that the Court has authority to adjudicate Plaintiff's complaint in order for the action to stay in federal court. The party seeking to invoke jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977).

For a federal court to exercise jurisdiction, it must generally appear that the case falls within both a statutory grant of jurisdiction and within Article III, Section 2 of the United States constitution. *See In re Estate of Ferdinand E. Marcos Human Rights Litigation,* 978 F.2d 493, 502 (9th Cir.1992).

2. *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). Pursuant to Rule 12(b)(6), the court may only dismiss a plaintiff's complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley*

*v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980). The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether a plaintiff is entitled to offer evidence in support of his claim. *Cabo Distributing Co., Inc. v. Brady,* 821 F.Supp. 601 (N.D.Cal.1992). Dismissal is proper under Rule 12(b)(6) only where there is a lack of a cognizable legal theory, or an absence of sufficient facts alleged · under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). In testing the sufficiency of a complaint, the court must assume that all of the plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981) (citing *California Dump Truck Owners Assn. v. Associated General Contractors of America,* 562 F.2d 607, 614 (9th Cir.1977); *McKinney v. DeBord,* 507 F.2d 501, 503 (9th Cir.1974)). Therefore, it is only in the extraordinary case in which dismissal is proper. *Corsican Productions v. Pitchess,* 338 F.2d 441, 442 (9th Cir.1964).

■ A motion to dismiss for failure to state a claim challenges the pleadings. Unless the court decides to convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 and gives adequate notice of such intent, the court cannot consider material outside of the complaint. Fed.R.Civ.P. 12(b); *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1483 (9th Cir.1991). The court may, however, consider exhibits submitted with the complaint and matter that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989); *Mack v. South Bay Beer Distributors Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986).

■ Generally, orders granting motions to dismiss are without prejudice unless "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." *Schreiber Dist. v. Serv–Well Furniture,* 806 F.2d 1393, 1401 (9th Cir.1986).

## B. *Analysis*

### A. Dismissal of Plaintiffs' Cause of Action for this Court's Lack of Jurisdiction Over the Subject Matter is Warranted.

■ Defendants seek dismissal of Plaintiffs' Cause of Action on the grounds that this Court does not have jurisdiction over the subject matter in this case, arguing that under the Hobbs Act, the federal courts of appeal have exclusive jurisdiction over suits seeking review of the Secretary's actions under the Omnibus Transportation Employee Testing Act of 1991. (*See* Defendants' Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities in Support Thereof ("Motion to Dismiss") 5:16–21). Defendants further claim that the Hobbs Act requires that challenges to the Secretary's drug-testing regulations be brought in a court of appeals within sixty days after enactment of the challenged provision. Therefore, since Plaintiffs filed their Claim in a court that does not have subject matter jurisdiction, and since the expiration of the sixty day time limitation to challenge the regulation makes transfer to the court of appeals futile, Defendants ask this court to dismiss this case with prejudice.

In the alternative, Defendants argue that the only harm pled in the complaint that could qualify as a deprivation of liberty or property for purposes of the Fifth Amendment is the alleged termination of Plaintiffs' employment with the railroads. (*Id.* at 8:20–23). Arguing that the termination of Plaintiffs' employment with the railroads was an independent, discretionary action by the railroads themselves and was not attributable to the Secretary's regulation, Defendants claim that it cannot be a violation of the Fifth Amendment, which applies only to governmental depri-

vation of liberty or property. (*See* Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Reply") 1:11–19).

Plaintiffs, however, argue that the Hobbs Act is inapplicable, since they seek damages for alleged violations of a constitutional right and a declaratory judgment, and not a review of a final agency action. (*See* Plaintiffs' Opposition to Defendants Motion To Dismiss ("Opposition") 3:22–28, 4:1). Furthermore, Plaintiffs claim that until the testing was applied to them, they had no grounds to challenge the validity of the regulations. Additionally, Plaintiffs claim that since the court of appeals does not have jurisdiction to grant damages sought in this case, should this Court accept Defendants' position, it will "foreclose Plaintiffs … from ever being able to recover damages for a violation of his/her constitutional right regarding drug testing." (*See* Opposition 4:6–8).

██ This Court agrees with Defendants that the federal courts of appeal have exclusive jurisdiction over suits seeking review of the Secretary's actions under the Omnibus Transportation Employee Testing Act of 1991.

Under the said act, the Secretary of Transportation must establish programs requiring railroad carriers to conduct random drug testing of employees in safety-sensitive positions. (*See* 49 U.S.C. § 20140(b)(1)(A)). The statute further provides guidelines that must be followed during the testing. For example, the urine sample collected for testing must be subdivided, so that in case of a positive result, the employee can request a second confirmation test performed by another DHHS certified laboratory within three days of obtaining results. (*See Id.* § 20140(c)(5); 49 C.F.R. § 40.25(f)(10)(E)).

The statute, however, is silent regarding the possibility of allowing a second confirmation test in cases were the urine sample tested is found to have been adulterated. Furthermore, 49 C.F.R. § 219.11(b)(4) states that an employee's adulteration of

his/her urine sample is equivalent of refusal to provide a sample, and an employee who refuses to provide a sample for drug testing must be disqualified from performing certain safety-sensitive duties for nine months. (*See Id.* § 219.107(d)).

The Hobbs Act provides in pertinent part:

> The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all … all final agency actions described in section 20114(c) of title 49.

28 U.S.C.A. § 2342(7).

Section 20114(c) of title 49 states:

> Except as provided in section 20104(c) of this title, a proceeding to review a final action of the Secretary of Transportation under this part or, as applicable to railroad safety, chapter 51 or 57 of this title shall be brought in the appropriate court of appeals as provided in chapter 158 of title 28.

49 U.S.C. § 20114(c).

Therefore, since the Hobbs Act is included in chapter 158 of the title 28 of the U.S.C., this suit should have been brought in the courts of appeal and not in this District Court. Plaintiffs in this case claim that the Secretary's regulation in question that does not allow them testing of split samples denies them procedural due process. As relief, they seek an "order that the DOT's random alcohol and drug regulations deny [them] and all other railroad employees … due process of law." *See* Complaint 5:2–7. Plaintiffs' Complaint falls within the Hobbs Act by asking this Court to determine the validity of the Secretary's regulation, 49 C.F.R. § 219.708. Jurisdiction over Plaintiffs' claim lies in the courts of appeal, which have "exclusive jurisdiction to enjoin, set aside, suspend … or to determine the validity of" the Secretary's actions under the Omnibus Transportation Employee

Testing Act of 1991. *See* 28 U.S.C. § 2342; 49 U.S.C. § 20140.

In their opposition, Plaintiffs allege that "[t]he government is attempting to 'redraft' the complaint so that it is a review of final agency action and, therefore, subject to the Hobbs Act requirements." (Opposition 7:22–28). Plaintiffs state that since they seek damages for alleged violation of a constitutional right and a declaratory judgment, court of appeals do not have jurisdiction to grant such damages, and the Hobbs Act should not bar this Court from hearing this case. (*Id.* at 3:25–28, 4:1–6).

However, this argument was rejected by the Ninth Circuit in *Carpenter v. Department of Transportation*, where the employee challenged the Federal Highway Administration's decision of disqualifying him from driving in interstate commerce because he had monocular vision. *Carpenter*, 13 F.3d 313 (9th Cir.1994). In response to plaintiff's argument that his action should be allowed to proceed in the district court because the Hobbs Act provisions are inadequate, the court stated that:

> it would undermine the result that Congress intended when it adopted the Hobbs Act. By creating a strict time frame for review and bypassing the district courts, Congress hoped to increase the speed, efficiency and consistency of judicial review of ICC and DOT actions. It would be inconsistent with this intent to allow those who wish to challenge DOT regulations the opportunity to avoid the jurisdictional and time limitations of the Hobbs Act by simply invoking the Rehabilitation Act and adding damages to their complaint.

*Id.* at 316.

Plaintiffs cite to cases, such as *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 163, 2 L.Ed. 60 (1803) and *Missouri Pacific Ry. Co. v. Humes*, 115 U.S. 512, 521, 6 S.Ct. 110, 29 L.Ed. 463 (1885), in support of their claim that the Hobbs Act does not apply to this case. However, although these cases provide general principles of Constitutional law, they do not provide support for Plaintiffs' claims that the Hobbs Act does not apply to the case at bar.[2] Plaintiffs allege that the fact that employees are allowed to retest the samples they provided if the result of the test is positive and are denied such opportunity if it is determined that the samples were adulterated, denies them due process of law. (Opposition 1:1–7). This allegation which appears logical on its face nevertheless challenges the validity of the Secretary's actions under the Omnibus Transportation Employee Testing Act of 1991, and hence, falls under the subject matter jurisdiction of the courts of appeals. (*See* 28 U.S.C. § 2342; 49 U.S.C. § 20140).

Furthermore, Plaintiffs state that they had no grounds to challenge the validity of the regulations when they were promulgated in 1994, since it did not become an issue until it was applied to them. First, this Court agrees with Defendants that any argument that Plaintiffs should be excused from meeting the sixty-day requirement should be presented to a court of appeals, and not to a district court, in order to establish jurisdiction. In addition, numerous cases indicate that an employee may challenge drug testing procedure before being subjected to an individual test. *See Harmon v. Thornburgh*, 878 F.2d 484 (D.C.Cir.1989); *Hartness v. Bush*, 712 F.Supp. 986 (D.D.C. 1989); *American Fed'n of Gov't Employees v. Skinner*, 885 F.2d 884, 886 (D.C.Cir.1989). Even if individual Plaintiffs were ignorant of their rights to challenge the said provision within sixty days after its promulgation, such a challenge should have been raised by Plaintiff United Transportation Union.

---

**2.** Plaintiffs also direct this Court's attention to various drug-testing cases that began in the district courts. However, as Defendants point out, these cases either predate enactment of this provision of the Hobbs Act, or did not fall within that provision or any other category of Hobbs Act jurisdiction.

■ Moreover, even if the individual Plaintiffs could be seen as not "aggrieved" by the challenged regulation until they were actually subjected to a drug test, their challenge would still be held untimely. Finally, the legislative history of the specific provisions of the Hobbs Act involved here indicates that Congress's intent in enacting that provision was to expedite judicial review of the Secretary's actions under the railroad safety statutes.

Importantly, as was brought to this Court's attention, two of the Plaintiffs, Darrell L. Smeltzer and the United Transportation Union, filed a petition in the United States Court of Appeals for the Ninth Circuit, on June 15, 1999, raising the same challenges involved in this case. *See Exhibit A* attached to Defendants' Reply. That petition was later voluntarily dismissed by Plaintiffs after Defendants filed a motion to dismiss based on the expiration of the sixty-day limitation period under the Hobbs Act. Thus, it appears to this court that Plaintiffs are attempting to frame their Complaint so as to avoid the Hobbs Act, which expressly vests exclusive jurisdiction in such matters over the court of appeals.

Therefore, since this court lacks proper subject matter jurisdiction, and since the court of appeal is the only proper court to hear this case, this Court **grants** Defendants' Motion to Dismiss **with prejudice.**

## B. Plaintiffs Have Not Suffered a Cognizable Deprivation of Liberty or Property

Even if this Court had subject matter jurisdiction to hear this case, this case would still be dismissed, since deprivation by private actors will not support a due process claim, for the clause limits only governmental action. *See Ross v. Clayton County, Ga.,* 173 F.3d 1305, 1307 (11th Cir.1999). Plaintiffs' alleged employment termination is the only possible act that can qualify as deprivation of liberty or property under the Fifth Amendment. However, as Defendants argue, such termination of employment was a discretionary act on the part of Plaintiffs' employers and was not a government compelled requirement. (*See* Motion to Dismiss 1:27–28; 2:1; 10:16–26).

Although Plaintiffs cite *Skinner v. Railway Labor Executives Association* and indicate that the Supreme Court has already decided that the Department of Transportation's imposition of alcohol and drug testing on the railroad industry is subject to the requirements of the U.S. Constitution, *Skinner* is distinguishable from the case at bar. *See Skinner,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989).

*Skinner* is the Supreme Court case that involved a Fourth Amendment challenge to the Federal Railroad Administration's testing regulations. The Court stated that the fact that the Government has not compelled a private party to perform a search does not, by itself, establish that the search is a private one. *Id.* at 614, 109 S.Ct. 1402. Furthermore, the Court stated that tests conducted by private railroads in compliance with government regulation suffice to implicate the Fourth Amendment. *Id.*

Unlike plaintiffs in *Skinner,* however, Plaintiffs in this case do not challenge the fact that they were tested, but rather they challenge the refusal to provide them with an opportunity to re-test their urine samples once they found to be adulterated, and they challenge their termination from employment.

Even though 49 C.F.R. § 219.107(a) provides that an employee who refuses to provide a sample[3] must be disqualified from performing certain safety-sensitive duties, the Secretary's regulation does not require that the employee be terminated.[4]

---

**3.** 49 C.F.R. § 219.11(b)(4) provides that employee's adulteration of his drug testing sample is equivalent to a refusal to provide a sample.

**4.** 49 C.F.R. § 219.107(a) provides that employee who refuses to provide sample must be

Railroad's termination of Plaintiffs' employment was an additional, discretionary action beyond that required by federal statute or regulations.

Therefore, since the acts that Plaintiffs complain of are not governmental actions, they do not constitute violations of the Fifth Amendment rights to due process under the United States Constitution.

## III. CONCLUSION

Based on the foregoing discussion, this Court hereby **GRANTS** Defendants' Motion To Dismiss with **PREJUDICE** on the grounds that this Court lacks jurisdiction over the subject matter. Even assuming this Court had subject matter jurisdiction, Plaintiffs have failed to state a claim against Defendants upon which relief can be granted.

IT IS SO ORDERED.

disqualified for nine months from performing safety-sensitive duties.