CO-OPERATIVE LEGISLATIVE COM-MITTEE, RAILROAD BROTHER-HOODS IN the STATE OF PENNSYL-VANIA, Plaintiff,

v.

UNITED STATES of America et al.,
Defendants.

Civ. A. No. 72-1074.

United States District Court,
W. D. Pennsylvania.

May 24, 1973.

T. P. Shearer, Pittsburgh, Pa., for plaintiff.

W. Wendell Stanton, Asst. U. S. Atty., for defendants.

Before ALDISERT, Circuit Judge, and TEITELBAUM and DUMBAULD, District Judges.

OPINION

PER CURIAM:

This is a suit to set aside an action of the Federal Railroad Administrator under 49 U.S.C. § 1653(c) and 28 U.S.C. § 2325. The action complained of is embodied in a letter of John E. Rourke to J. A. Katarincic, Esq., dated October 24, 1972, and constitutes a determination that airbrakes need not be used on the northbound "Talbot movement" at the Jones and Laughlin Steel Corporation's Pittsburgh plant.

The facts involved are sufficiently developed in United States v. Monongahela Connecting R. R. Co., 351 F.Supp. 696, 697-698 (W.D.Pa.1972).

At the argument before the three-judge court on May 10, 1973, it became clearly apparent that the only issue for decision here is whether the agency, by virtue of its general function and purpose of promoting railroad safety,[1] can substitute its judgment on the specific fact situation in the particular case here involved for the express provisions prescribed by Congress in the Safety Appliance Act (45 U.S.C. § 9).[2]

1. 49 U.S.C. § 1653(a) provides that the Secretary of Transportation shall "exercise leadership under the direction of the President in transportation matters."

2. 49 U.S.C. § 1655(e)(1) transferred to the Secretary of Transportation the functions, powers, and duties of the Inter-state Commerce Commission under the Safety Appliance Acts. 49 U.S.C. § 1655(f)(3)(A) empowers the Federal Railroad Administrator to "carry out the functions, powers, and duties of the Secretary pertaining to railroad safety as set forth in the statutes transferred to the Secretary" by 49 U.S.C. § 1655(e)(1).

On this question the Court accepts the reasoning and authorities relied on by Judge Dumbauld in the above-cited case (351 F.Supp. at 698). The answer there given is a forthright "No", or as John W. Davis would say, "Thwertutnay." [3] That result is further supported by the rule *specialia generalibus derogant*: ordinarily specific provisions prevail over general ones. When Congress descends from the general atmosphere of "safety" to a specified percentage of airbrakes that must be operative, there is no room for softening the impact of such express legislation by attempting an accommodation with vaguer generalities. If the percentage specified is thought to be too high, or unnecessary or inconvenient under modern technology, the remedy must be sought by application to Congress.

As stated above, decision of this question disposes of this case. Other issues that might be pertinent were excluded by admissions made by counsel at argument. We need not consider whether the "Talbot movement" here involved is a "train movement" or a "switching movement." It was expressly stipulated at the agency hearing that it was to be treated as a "train movement." We need not consider whether in fact the air hoses could be coupled safely somewhere else than over the grating which the agency found to be dangerous to the trainmen involved. Plaintiff chose to offer no evidence at the administrative hearing on this factual issue, although the contention was advanced incidentally in argument that this was possible; but counsel conceded that as a matter of voluntary choice plaintiff had not litigated that issue before the agency, and that no contention is being made in the case at bar that the administrative hearing was procedurally inadequate to support the agency findings.

Accordingly the agency action must be set aside.

3. John W. Davis, "The Argument of an Appeal", 26 Am.Bar Assn.J. (Dec. 1940) 895, 897; "If the question warrants a negative answer, do not fence with it but respond with a bold *thwertutnay*—which for the benefit of the illiterate I may explain as a term used in ancient pleading to signify a downright No."