**John P. CLARK, Plaintiff–Appellant,**

**v.**

**Samuel K. SKINNER, Secretary of Transportation, Defendant–Appellee.**

**No. 90–3512.**

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1991.

Decided June 19, 1991.

As Amended July 11, 1991.

**124**

Judith G. Behar, argued, Greensboro, N.C., for plaintiff-appellant.

Thomas Patrick Holian, U.S. Dept. of Transp., argued, Washington, D.C. (Robert H. Edmunds, Jr., U.S. Atty., Benjamin H. White, Jr., and Richard L. Robertson, Asst. U.S. Attys., on brief, Greensboro, N.C.), for defendant-appellee.

Before SPROUSE and WILKINSON, Circuit Judges, and GODBOLD, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

SPROUSE, Circuit Judge:

John Clark, a handicapped truck driver, filed suit against the Secretary of Transportation in district court challenging a waiver regulation promulgated by the Federal Highway Administration ("FHWA").[1] Clark's suit alleged violation of the Fifth Amendment due process and equal protection guarantees and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* The district court dismissed the suit for lack of jurisdiction. We affirm.

## I.

The FHWA regulation involved prohibits limb-impaired persons from driving commercial vehicles in interstate commerce without a waiver by the Regional Federal Highway Administrator. 49 C.F.R. §§ 391.41(b)(1) and 391.49. To obtain the waiver a handicapped driver must demonstrate proficiency with the use of both upper limbs, even if this requires the use of a prosthetic device. However, the regulations exempt amputees who were granted a waiver prior to publication of the regulation. 49 C.F.R. § 391.49(d)(3)(i)(B).[2]

John Clark, whose left arm was amputated above the elbow at age five, worked as a

---

1. The FHWA is an administration within the Department of Transportation charged with carrying out the Secretary of Transportation's duties and powers concerning highway and motor carrier safety. *49 U.S.C. § 104.*

2. 49 C.F.R. § 391.49(d)(3)(i)(B) provides:

    (i) The medical evaluation summary for a driver applicant disqualified under § 391.41(b)(1) shall include:

    .   .   .   .   .

    (B) A statement by the examiner that the applicant is capable of demonstrating preci-

sionprehension (e.g., manipulating knobs and switches) and power grasp prehension (e.g. holding and maneuvering the steering wheel) with each upper limb separately. This requirement does not apply to an individual who was granted a waiver absent a prosthetic device, prior to the publication of this amendment.

truck driver for over 40 years. In March 1987, after four years of employment, Clark was terminated by the Claude Gable Furniture Company in High Point, North Carolina, pursuant to Department of Transportation regulations. He then petitioned the Administrator for a waiver, which included a statement from his physician that use of a prosthesis initiated late in life would afford him no functional benefit as a truck driver. In its April 1, 1987 letter, the FHWA informed Clark that his application for a waiver could not be considered unless he intended to wear a prosthetic device while driving. Clark underwent surgery to remove bone growth and allow for the fitting of the device. The device, however, was uncomfortable and inhibited his driving.

On January 29, 1988, Clark petitioned the Department of Transportation for a permanent exemption from 49 C.F.R. § 391.49. He contended that the regulation's exemption of individuals without a prothesis who were granted a waiver prior to the publication of the amended regulation, but not those petitioning for a waiver after publication violates the Fifth Amendment due process and equal protection guarantees as well as the provisions of the Rehabilitation Act of 1973.

After his petition was denied, Clark filed suit in district court against the Secretary of Transportation contending that the regulation is arbitrary and capricious, and violative of the Rehabilitation Act and the Fifth Amendment. Adopting the magistrate judge's findings, the district court dismissed Clark's claim, holding that the court lacked jurisdiction, which properly lies in the court of appeals, and denied Clark's motion to amend his complaint in order to allege 28 U.S.C. § 1343[3] jurisdiction. It found that, while Clark argued that § 504 of the Rehabilitation Act, 29 U.S.C. § 794, creates an implied right of action, his claim is in essence a request for review of an agency action.

On appeal, Clark contends that § 504 of the Rehabilitation Act affords him a private right of action against the Department of Transportation, that he is entitled to pursue his allegations under that statute in a direct action to the district court, and that he was entitled to summary judgment.

II.

■ Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), provides, in relevant part, that:

No otherwise qualified individual with handicaps in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency....

It is true, as Clark suggests, that a private cause of action may exist in favor of handicapped persons against a private employer under § 504, as well as against the United States when sued in its capacity as an employer. *See Morgan v. United States Postal Serv.*, 798 F.2d 1162 (8th Cir.1986); *Smith v. United States Postal Serv.*, 742 F.2d 257 (6th Cir.1984); *Prewitt v. United States Postal Serv.*, 662 F.2d 292 (5th Cir. 1981). Other courts, as do we, however, express a contrary opinion concerning the existence of a § 504 private cause of action against the United States government in its capacity as a regulator. *See, e.g., Cousins v. Secretary of the Dep't of Transp.*, 880 F.2d 603, 605 (1st Cir.1989) (en banc).

■ Nor are we impressed with Clark's argument that since the Department of Transportation is guilty of a substantive violation of the Rehabilitation Act, his ac-

---

**3.** 28 U.S.C. § 1343 provides:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

.    .    .    .    .

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

tion must be brought under that statute rather than under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.* It is true that the Ninth Circuit in *Cleghorn v. Herrington,* 813 F.2d 992, 995 (9th Cir.1987), and the Sixth Circuit in *Davidson v. United States Dep't of Energy,* 838 F.2d 850, 854 (6th Cir.1988), generally held that the requirements of a substantive federal statute cannot be circumvented by use of the APA. However, to the extent these cases support Clark's argument of entitlement to an action under § 504 in district court, we simply disagree. As recognized by the *Cousins* court, such a view is contrary to the APA's language and intent. As the First Circuit recognized,

> [t]he APA was intended to organize and unify preexisting methods of obtaining judicial review of agency action, *e.g.* by making it clear that anyone "adversely affected or aggrieved within the meaning of a relevant statute" could obtain review of "agency action." ...

> .    .    .    .    .

> ... To allow actions for review of agency action once again to proliferate under a variety of names would threaten a return to pre-APA confusion.

*Cousins,* 880 F.2d at 605–06; *see also* 1946 U.S.Code Cong.Serv. 1195, 1205 ("[the APA] sets forth a simplified statement of judicial review designed to afford a remedy for every legal wrong (sec. 10).").

In *Cousins* a deaf truck driver brought an action under the Rehabilitation Act against the Department of Transportation, after it refused to waive the requirement that excluded deaf persons from working as truck drivers. The First Circuit affirmed the district court's dismissal, finding that the plaintiff should have initiated his suit as a request for review of agency action and not an implied private right of action arising under § 504. The court reasoned that the APA was intended to provide a single uniform method for review of agency action and that an implied private right of action to enforce a federal statute against a federal regulatory agency is unnecessary.

Nonetheless, Clark urges the right of direct action in the district court, arguing that he is unable to present the full panoply of the Department of Transportation's violations in an administrative forum. We disagree. The administrative record developed could well include all of the grounds and arguments presented to the district court. Indeed, the government conceded in this appeal and for purposes of future proceedings that the administrative procedures remain available—*i.e.,* that Clark's claim is not time barred and that he can fully develop the record to present the contentions that he perhaps ultimately wishes to be reviewed by this court. Clark apparently assumes that he is limited by the administrative process from developing proof of discrimination. However, in our view, any meaningful administrative determination must be based on a full consideration of all of Clark's contentions, including those of putative § 504 discrimination and violation of his constitutional rights.

■ In short, we conclude that the district court was correct in ruling that § 504 of the Rehabilitation Act does not afford Clark a private cause of action against the Secretary of Transportation and that Clark's proper avenue of appeal is from a final administrative decision to this court and, thus, the district court lacked jurisdiction to entertain Clark's lawsuit.

■ Nor do we find any merit to Clark's contention that the jurisdiction granted to us by the 1975 amendment of the Hobbs Act, 28 U.S.C. § 2342(5),[4] is limited to appeals from Interstate Commerce Commission orders and actions. In 1966, Congress relocated the authority to regulate motor

---

**4.** 28 U.S.C. § 2342 provides:

The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

.    .    .    .    .

(5) all rules, regulations, or final orders of the Interstate Commerce Commission....

carrier safety from the Interstate Commerce Commission to the Department of Transportation and the FHWA within it. 49 U.S.C. App. § 1653(c).[5] Pursuant to the broad phrase "subject to judicial review to the same extent and in the same manner as if such orders and actions had been by [the ICC]," review of FHWA orders and actions was by way of three-judge panels as was review of those actions by the ICC. *See, e.g., Cooperative Legislative Comm., R.R. Bhds. in Pennsylvania v. United States*, 358 F.Supp. 289 (W.D.Pa.1973). In 1975, Congress amended the Hobbs Act to provide that review of ICC actions and orders were relocated to the court of appeals. 28 U.S.C. § 2342(5). In *Owner–Operators Indep. Drivers Assoc. v. Skinner*, 931 F.2d 94 (9th Cir.1991), the Ninth Circuit correctly stated the issue as whether the bond § 1653(c) forged in 1966 between judicial review procedures for the ICC and the FHWA weathered Congress's alteration of ICC review procedures in 1975. We agree with the Ninth Circuit that it did. Read together, these provisions mean that Department of Transportation actions are to be reviewed as are actions of the ICC, the predecessor agency. Such a review is now with the court of appeals.[6]

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.

---

**5.** 49 U.S.C. App. § 1653(c) provides:

Orders and actions of the Secretary in the exercise of functions, powers, and duties transferred under this chapter, ... shall be subject to judicial review to the same extent and in the same manner as if such orders and actions had been by the department or agency exercising such functions, powers, and duties immediately preceding their transfer.

**6.** The legislative history of the amendment also supports this interpretation. In discussing the

need for the legislation, the Senate Committee on the Judiciary stated its belief that the ICC was the only Federal agency whose decisions were subject to review by three-judge panels. It also cited as support a previous recommendation by the Judicial Conference of the United States for abolition of three-judge courts due to their lessening in importance and burdening of both district and circuit courts. *See* 1974 U.S. Code Cong. & Admin.News 7025, 7026.