# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3739

_____

| | | |
|---|---|---|
| John C. Anderson, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | On Petition for Review from the |
| | * | United States Department of |
| United States Department of | * | Transportation, Federal Highway |
| Transportation, Federal Highway | * | Administration. |
| Administration, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: March 17, 2000

Filed: May 1, 2000

_____

Before RICHARD S. ARNOLD, LAY and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

The Federal Highway Administration (FHWA) has vision requirements that apply to drivers of commercial motor vehicles. John C. Anderson sought a waiver of these requirements and the FHWA denied his waiver petition. Anderson appeals, and we affirm.

# I.    BACKGROUND

Anderson has driven commercial motor vehicles for twenty-four years. He has been employed by NationsWay Transport Services, Inc., since 1983. On July 23, 1997, Anderson suffered a retinal detachment in his left eye that resulted in loss of vision in that eye. As a result, Anderson no longer meets the federal vision standards that would allow him to drive in interstate commerce. See 49 C.F.R. § 391.41.

In spite of the fact that he has vision in only one eye, Anderson wishes to resume working as a commercial vehicle driver. He sought and obtained a vision waiver from the State of Minnesota that allows him to drive in intrastate commerce, although he is not currently working as a driver. He also sought a waiver from the FHWA . The FHWA denied Anderson's request. The agency determined Anderson did not qualify for a waiver because he does not have three years of driving experience with his vision impairment.

# II.    DISCUSSION

Under the Administrative Procedure Act, we may set aside an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); see also Rauenhorst v. Department of Transp., 95 F.3d 715, 718 (8th Cir. 1996). "The scope of review is 'narrow and a court is not to substitute its judgment for that of the agency.'" Rauenhorst, 95 F.3d at 718-719 (quoting Motor Vehicle Mfrs. Ass'n of United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). Nevertheless, the agency must explain the "'rational connection between the facts found and the choice made.'" Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285 (1974) (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).

The FHWA may grant a waiver from the vision requirements if the effect of the waiver would likely "achieve a level of safety that is equivalent to, or greater than, the level of safety that would be obtained in the absence of the waiver." 49 U.S.C. § 31315; see also 49 U.S.C. § 31136(e). Anderson contends the FHWA did not review his waiver petition on the merits to determine if his driving would achieve a level of safety equivalent to non-waived drivers and thus, the FHWA's decision to deny him a waiver was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. He also asserts the FHWA's requirement that he have three years of driving experience with his vision impairment is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. We disagree.

In Rauenhorst, we held that "[u]ntil the administrative standard for waivers to monocular drivers is revised to reflect the current knowledge[,] the administrator must grant separate, individually tailored waivers." 95 F.3d at 723. Anderson contends the FHWA did not look at the merits of his application as required by Rauenhorst because it denied his vision waiver solely on the basis of his lack of driving experience with monocular vision. However, Rauenhorst also requires that the specific waivers be grounded on specific tests or standards so that an administrator cannot grant or deny a waiver on a whim. See id.

In its decision, the FHWA stated that three years of driving with the impairment are required before a waiver can be granted. This is the type of specific standard required by Rauenhorst. Anderson clearly fails to meet this criterion because he filed his petition for waiver in March 1998, less than a year after he lost his vision. Furthermore, at the time Anderson applied for the waiver, he had extremely limited experience driving with his vision impairment because he was not working as a driver. Thus, our review of the record indicates that the FHWA's review was on the merits.

Anderson further asserts the FHWA's three-year requirement is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Although we

-3-

recognize that the choice of any specific length of time is somewhat arbitrary, we find the FHWA based its choice on several concrete factors.

First, it takes time for a person with a vision deficiency to otherwise compensate for that deficiency. Estimates on the amount of time needed to adjust range from several months to a year, although there is no consensus in the medical community on the exact amount of time needed. See 59 Fed. Reg. 50888 (1994). Second, it is clear that the best predictor of safety and future performance of a driver is his past record of accidents and violations. See 59 Fed. Reg. 50888-90 (1994); see also Grace E. Bates & Jerzy Neyman, Contributions to the Theory of Accident Proneness: An Optimistic Model of the Correlation Between Light and Severe Accidents (1952); State of California Department of Motor Vehicles, The 1964 California Driver Record Study: The Prediction of Accident Involvement from Driver Record and Biographical Data (1967). It is for this reason the FHWA requires an operating record long enough to demonstrate that Anderson can drive safely with his vision impairment. The longer the driving record for a particular driver, the easier it is to predict that driver's future driving safety. Third and finally, the three-year standard corresponds to the longest period of time that states uniformly keep driving records. The fact that driving safety improves and is more easily measured over time is rationally connected to the choice the FHWA made to require three years of driving experience with monocular vision.

## III.   CONCLUSION

Thus, we find that both the FHWA's denial of Anderson's waiver petition and the three-year requirement of driving with a vision impairment are in accord with the law and are not arbitrary, capricious, or an abuse of discretion. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.