**Phillip B. MOORE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION and Federal Highway Administration, Respondents.**

**No. 99–2100.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001*.

Decided Feb. 7, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before COFFEY, RIPPLE, EVANS, Circuit Judges.

### ORDER

In March 1996 Phillip B. Moore, a commercial truck driver, suffered a detached retina in his left eye that resulted in loss of vision. As a result, Moore no longer meets the Federal Highway Administration's vision requirements that apply to interstate drivers of commercial vehicles, 49 C.F.R. § 391.41(b)(10). Section 391.41(b)(10)'s vision standard requires that commercial truck drivers have $^{20}\!/_{40}$ vision (Snellen) in each eye. Because he could no longer meet the FHWA's vision standard, Moore immediately relinquished his commercial license issued by the State of Colorado, and moved to Illinois. Moore's recuperation took over two years, and the vision in his left eye remains severely impaired. Moore obtained a "class D" driver's license in Illinois (a regular automobile license) but is not eligible for an intrastate commercial license to drive in Illinois. Although his vision is permanently impaired, Moore believes he can safely drive a commercial truck despite his monocular vision and wishes to resume working as a commercial vehicle driver. In 1998 Moore began investigating whether he could resume work as an interstate commercial truck driver, but discovered that there was no procedure to obtain an exemption from the federal vision standard.

In July 1998 Moore initiated this action by filing what he characterized as a "complaint" in district court against the United States Department of Transportation, the FHWA (an operating administration within the DOT, see 49 U.S.C. § 104), and the Office of Motor Carriers (an administrative office of the DOT and the FHWA). Moore's "complaint" alleges that (1) the respondents violated his rights to due process and equal protection, and discriminated against him on the basis of his disability, by failing to provide a procedure for drivers to obtain exemptions from the federal vision standard, (2) the FHWA violated his right to equal protection because it allowed drivers suffering from vision deficiencies similar to his to keep their commercial licenses after they participated in a vision waiver study the FHWA conducted in the early 1990s before Moore's injury, (3) the FHWA violated his right to equal protection by exempting from the vision standard farmers and individuals who rent commercial vehicles for personal use.

The respondents moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction because the Hobbs Act, 28 U.S.C. § 2341, et. seq., confers this court with exclusive jurisdiction over challenges to driver qualifications established by the Secretary of Transportation. See 28 U.S.C. § 2345. The respondents also argued against transfer to this court under 28 U.S.C. § 1631 because Moore did not exhaust his

administrative remedies. On April 22, 1999 the district court transferred the case to this court, holding that exclusive jurisdiction rests with this court under the Hobbs Act. After the transfer, the clerk of this court docketed Moore's complaint as a petition for review of an agency action, giving it case no. 99–2100.

Just before Moore first filed his action in district court, Congress amended the statute governing the procedures by which drivers can drive a commercial truck without meeting the FHWA's vision standard. Under the Motor Carrier Safety Act of 1984, 49 U.S.C. § 31136(e), the Secretary of Transportation is authorized to grant exemptions from the FHWA's vision standard as codified in 49 C.F.R. § 391.41(b)(10). Under the old standard, the Safety Act authorized the Secretary to waive the application of any regulation, including the vision standard, "after notice and an opportunity for comment," if the Secretary decided that a waiver would be consistent with the public interest and the safe operation of commercial motor vehicles. 49 U.S.C. § 31315 (1994). Despite this language, the FHWA had no procedure in place for granting waivers, and generally used its waiver authority sparingly. *See* 63 Fed.Reg. 67600, 67601 (1998).

■ Under the legislation enacted on June 8, 1998 the FHWA may grant an exemption (rather than a "waiver") from the vision requirement if the effect of the exemption would likely "achieve a level of safety that is equivalent to, or greater than, the level of safety that would be obtained in the absence of the exemption." 49 U.S.C. § 31136(e). In December 1998, months after Moore brought this action, the FHWA issued guidelines for processing exemptions under the new statute. *See* 63 Fed. Reg. 67,600 (1998). Although the FHWA has not codified specific criteria for granting exemptions, it has evaluated exemption requests utilizing the same criteria set for drivers who participated in the FHWA's vision waiver study. *See, e.g.,* 65 Fed.Reg. 57230, 77066 (2000). Under that standard, in order to qualify for an exemption, applicants must (1) be otherwise qualified under 49 C.F.R. § 391, (2) hold a valid intrastate license to operate a commercial vehicle, (3) have three years experience driving a commercial vehicle safely with the visual impairment, and (4) have vision in at least one eye of 20⁄40 (Snellen). 61 Fed. Reg. 606, 606–07 (1996); *Parker v. U.S. Dep't of Transp.,* 207 F.3d 359, 360 n. 3 (6th Cir.2000). The primary factor in determining whether a driver should be entitled to an exemption is whether they have demonstrated that they can drive a commercial vehicle safely with the vision impairment. *Id.*

These changes in the FHWA's regulatory scheme took place while Moore's action was pending before the district court and this court. After the case was transferred, this court in May 1999 asked the parties to brief the issue of whether this court has jurisdiction over Moore's petition for review. Specifically, this court asked the parties to identify the "final decision" that is subject to review under 28 U.S.C. § 2344, which requires a party aggrieved by a final order of the Secretary of Transportation to file a petition for review within 60 days. After the parties submitted briefs addressing jurisdiction, in March 2000, this court, without resolving the jurisdictional issue, ordered full briefing.

In January 2000 Moore submitted a formal application to the FHWA for an exemption from the vision requirements of § 391.41(b)(10). In the meantime, on March 30, 2000, pursuant to the briefing schedule established by this court, Moore submitted his opening brief. On April 25, 2000 the FHWA rejected his request for

an exemption because Moore could not produce verifiable evidence that he has driven a commercial vehicle safely with the vision deficiency for at least three years. On May 11, 2000 the respondents filed a response brief in which they defended the FHWA's denial of his exemption request, even though Moore did not (and could not) discuss the denial in his opening brief. On May 25, 2000 Moore submitted a reply brief that challenges the DOT's denial of his exemption application.

■ We may address the merits of Moore's action only if we have subject matter jurisdiction. The Hobbs Act gives this court exclusive jurisdiction to enjoin, set aside, suspend or determine the validity of all rules, regulations, or final orders of the Surface Transportation Board. 28 U.S.C. § 2342(5). Moore's challenge falls within this provision as a result of various regulatory changes that have occurred over the course of several years. When the DOT was created in 1966, it assumed regulatory control over driver safety requirements from the Interstate Commerce Commission. 49 U.S.C. § 31502(b)(1). This change, however, did not change the procedure for judicial review of motor safety regulations. 49 U.S.C. § 351(a); *Aulenback, Inc. v. Fed. Highway Admin.*, 103 F.3d 156, 164 (D.C.Cir.1997); *Carpenter v. Dep't of Transp.*, 13 F.3d 313, 315 (9th Cir.1994). From 1975 until 1995, the Hobbs Act gave the court of appeals exclusive jurisdiction over ICC actions. *Aulenback*, 103 F.3d at 165. Because the authority to regulate driver safety requirements was transferred from the ICC to the DOT (and the FHWA), courts uniformly interpreted the Hobbs Act to vest the court of appeals with exclusive jurisdiction to review FHWA regulations issued pursuant to authority transferred to the DOT from the ICC. *Int'l Bhd. of Teamsters v. Pena*, 17

F.3d 1478, 1481–82 (D.C.Cir.1994); *Carpenter*, 13 F.3d at 315; *Clark v. Skinner*, 937 F.2d 123, 126–27 (4th Cir.1991); *Cousins v. Sec'y of U.S. Dep't of Transp.*, 880 F.2d 603, 611 (1st Cir.1989) (en banc).

In 1995 Congress abolished the ICC, and its remaining functions were transferred to the Surface Transportation Board, a new agency created within the DOT. 49 U.S.C. § 702; *Aulenback*, 103 F.3d at 165. But this had no effect on the judicial review of FHWA regulations; the court of appeals has exclusive jurisdiction. *Aulenback*, 103 F.3d at 165; *see also Anderson v. U.S. Dep't of Transp.*, 213 F.3d 422 (8th Cir.2000); *Parker v. U.S. Dep't of Transp.*, 207 F.3d 359 (6th Cir. 2000). Thus, the district court correctly concluded that it lacked jurisdiction over this case under the Hobbs Act.

■ Although this court is the correct forum to address Moore's action, we must still determine whether we have subject matter jurisdiction. At the time he filed this action, Moore had not exhausted his administrative remedies. First, Moore never pursued administrative procedures to request repeal or amendment of the FHWA regulations. *See* 49 C.F.R. §§ 389.31, 389.33–.37. In addition, under 28 U.S.C. § 2342(5) and § 2344, this court only has jurisdiction over timely challenges to a final order. As the respondents point out, we do not have subject matter jurisdiction over Moore's petition because it does not challenge a final decision of the agency. Consequently, case no. 99–2100 must be dismissed.

■ But that is not the end of our analysis. Although we have no jurisdiction over Moore's original action, we nevertheless believe that he has triggered this court's jurisdiction to review the agency's denial of his exemption request. There was no final agency decision until the FHWA denied Moore's application for an

exemption on April 25, 2000. Under § 2344, Moore had 60 days from that date in which to file a new petition for review. On May 25, 2000, one month after the FHWA denied his exemption request, Moore filed a reply brief pursuant to the briefing schedule established by this court. Moore's reply brief not only reiterates his earlier challenges to the respondents' regulatory scheme, but also attacks the FHWA's refusal to grant him an exemption. As a result, we believe that he has filed a sufficient petition for review of that decision with this court. "Compliance with the notice of appeal requirement of Rule 3 of the Federal Rules of Appellate Procedure is a prerequisite to appellate review." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 994 (7th Cir.2000). Rule 3 requires a party to (1) specify the party taking the appeal, (2) designate the order appealed from, and (3) name the court to which the appeal is taken. *Id.* at 994. Because Rule 3's requirements are to be construed liberally, we may find that Moore has complied with the rule if his reply brief is the "functional equivalent" of what the rule requires. *See Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). Moore's brief includes the first and third elements. And even though the brief was filed in the context of briefing for his original complaint, it does take issue with the agency's denial of his exemption request. "The notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Id.* Here, Moore's reply brief put the respondents on notice that he was challenging the agency's denial of his exemption application. Indeed, the respondents anticipated his disagreement with the FHWA's decision and defended it in their response brief. Thus, we conclude

that Moore's brief meets the requirements of Rule 3 and is the functional equivalent of a timely petition for review of the FHWA's denial of his formal application for an exemption. *See id.* at 248–49, 112 S.Ct. 678 (holding that a pro se brief can act as the functional equivalent of a notice of appeal).

Accordingly, IT IS ORDERED that case no. 99–2100 is DISMISSED. IT IS FURTHER ORDERED that the clerk of this court shall redocket the reply brief filed on May 25, 2000 by Moore in case no. 99–2100 as a petition for review from the FHWA's order of April 25, 2000. The court, on its own motion, directs that counsel be appointed to represent Moore in the newly-docketed case. Counsel will be assigned, and a briefing schedule will be set, by further order of this court.