Joseph KINNEARY, Plaintiff,

v.

CITY OF NEW YORK, Tom Ridge, Department of Homeland Security, Marsha Rothem, Zoe Ann Campbell, and Louis Tazzi, Defendants.

No. 04 CIV. 5183VM.

United States District Court, S.D. New York.

March 4, 2005.

Ambrose Wotor Wotorson, Jr., Law Offices of Ambrose Wotorson, P.C., New York City, for Plaintiff.

Gerard Schiano–Strain, New York City Law Dept., Melanie Robin Hallums, U.S. Attorney's Office, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Joseph Kinneary ("Kinneary") brought this action on June 30, 2004 against Tom Ridge ("Ridge"), Secretary of the Department of Homeland Security (the "DHS" or "federal defendant") along with the City of New York, and, individually, city employees Marsha Rothem, Zoe Ann Campbell, and Louis Tazzi (collectively, the "City defendants"). Kinneary claims violations by both the federal and City defendants of the Rehabilitation Act, 29 U.S.C. § 794, and by the City defendants of the Civil Rights Act, 42 U.S.C. § 1983, as a result of their alleged discrimination against him based on a disability.

On October 12, 2004, Ridge brought the instant motion to dismiss the Complaint as to him for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because the Court finds that it lacks a statutory basis to adjudicate Kinneary's claim against Ridge, Ridge's motion is granted.

### I. BACKGROUND [1]

Prior to the events giving rise to this action, Kinneary was employed as the captain of a municipal tanker for the New York City Department of Environmental Protection ("DEP"). On December 27, 2001, pursuant to federal regulations,[2] Kinneary was required to provide a urine sample as part of a random drug test. Kinneary did not provide the urine sample, claiming that he suffered from paruresis, also known as shy bladder syndrome, and was therefore unable to comply.[3]

On February 7, 2002, the DHS, through the Coast Guard, filed an administrative complaint to suspend Kinneary's Merchant Mariner credentials for misconduct, alleging that Kinneary had wrongfully refused to submit to a random drug test.[4] The

---

1. The factual summary derives from the undisputed representations of the parties in their submissions.

2. See 46 U.S.C. § 7702(c)(2) ("The Secretary shall require the testing of the holder of a license, certificate of registry, or merchant mariner's document for use of alcohol and dangerous drugs in violation of law or Federal regulation."); 46 C.F.R. § 16.230 ("Marine employers shall establish programs for the chemical testing for dangerous drugs on a random basis ....").

3. According to Kinneary's complaint, paruresis is a "medical/psychological condition in which a person is unable to urinate on demand." (Pl's Compl. at 3.)

4. 46 C.F.R. § 16.201(a) provides that drug testing is to be conducted "in accordance with the procedures detailed in 49 C.F.R. part 40." 49 C.F.R. § 40.193 provides for, among other things, the time limit allowed for completion.

hearing on the misconduct complaint was held on October 16, 2002 before a Coast Guard Administrative Law Judge (the "ALJ"). The ALJ issued his decision on February 20, 2003, finding that the misconduct had been proved. On March 12, 2003, the ALJ ordered Kinneary's Merchant Mariner credentials suspended.

Kinneary appealed the ALJ's decision to the Commandant of the Coast Guard by letter, dated March 17, 2003. By letter dated March 24, 2003, Kinneary was informed that he must file his appellate brief by May 12, 2003. Kinneary did not file his appellate brief until May 19, 2003 and, as a result, the appeal was denied as untimely on April 13, 2004.

On June 30, 2004, Kinneary brought the instant action against Ridge, claiming the violation of his rights under the Rehabilitation Act by the DHS in its capacity as a regulator, in that the Coast Guard, an agency within the DHS, suspended Kinneary's license to operate a vessel in United State's coastal waters for failure to undergo a drug test as required by 46 U.S.C. § 7702(c)(2) and 46 C.F.R. § 16.230.

Ridge brings the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Rehabilitation Act does not provide a private right of action against the federal government when it is acting in its capacity as a regulator, that Kinneary has failed to fully exhaust his administrative remedies and is therefore precluded from bringing this action before this Court, and that Kinneary's claim for monetary damages is barred by sovereign immunity.

In response, Kinneary argues that he filed his claim only after final agency action, and that a private cause of action exists under the Rehabilitation Act against Ridge on these facts.

## II. STANDARD OF REVIEW

### A. MOTION TO DISMISS

For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Levy v. Southbrook Int'l Invs. Ltd.,* 263 F.3d 10, 14 (2d Cir.2001). However, a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). A district court may consider evidence outside the pleadings when resolving a challenge to the court's subject matter jurisdiction. *Filetech S.A. v. France Telecom S.A.,* 157 F.3d 922, 932 (2d Cir.1998). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova,* 201 F.3d at 113.

### B. MOTION FOR LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given." The Supreme Court has identified several factors which might permit a Court to deny such a motion, in spite of the permissive standard: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## III. DISCUSSION

### A. THE REHABILITATION ACT

Kinneary brings this suit against Ridge pursuant to the Rehabilitation Act, 29 U.S.C. § 794, and the Court looks to the

statute for jurisdiction over Kinneary's claim. Ridge contends that the Rehabilitation Act does not provide for a private right of action against the United States when it acts in its capacity as a regulator.

Although the Second Circuit has not yet addressed this particular issue, several of its sister circuits have found that no such private right of action exists under the Rehabilitation Act. *See Cousins v. Secretary of United States DOT*, 880 F.2d 603 (1st Cir.1989) (finding that the Rehabilitation act does not create a private right of action against the federal government acting in its role as a regulator); *see also Clark v. Skinner*, 937 F.2d 123 (4th Cir. 1991) (same); *Salvador v. Bennett*, 800 F.2d 97, 99 (7th Cir.1986) (holding that the Rehabilitation Act does not create a private right of action against the Secretary of Education acting in his role as an administrator).

■ The Court agrees with the rationale expressed in these decisions. General practices of statutory construction weigh against reading the Rehabilitation Act to create a cause of action against the federal government when acting in its role as a regulator. The Court follows the general rule that where in the same statute Congress expressly provides a remedy for one violation but not another, the omission is considered intentional. *See, e.g., BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (" 'It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another' . . . ."); *Rabin v. Wilson–Coker*, 362 F.3d 190, 196 (2d Cir.2004) ("If drafters choose to use one word in part of a statute and omit it in another, 'it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion,' " quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17

(1983)). The First Circuit found in *Cousins* that, while the Act expressly provides for private enforcement against the federal government as employer, "Congress has not said or suggested, anywhere in the Rehabilitation Act or its legislative history, that the Act was meant to give rise to a right of action against the government as a regulator." 880 F.2d at 607. It would be inconsistent with general principles, therefore, to create an implied right of action in this instance because where Congress intended for a private right of action under the Rehabilitation Act, it expressly provided for it.

Furthermore, an implied right of action under the Rehabilitation Act would be incompatible with the adequate relief already available to Kinneary. In determining whether there is an implied right of action, the Supreme Court has identified as a factor whether that implied right is "consistent with the underlying purposes of the legislative scheme." *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The First Circuit stated that the Rehabilitation Act does not provide a private right of action against a regulatory agency in part because adequate relief is available already under the Administrative Procedures Act, 5 U.S.C. §§ 701–06 ("APA"). *Cousins*, 880 F.2d at 606; *see also Clark*, 937 F.2d 123 (holding that the Rehabilitation Act does not create a private right of action against the Secretary of Transportation where the APA provides an adequate remedy). The APA is "applicable to all administrative actions or proceedings 'except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.' " *Citizens Comm. for Hudson Valley v. Volpe*, 425 F.2d 97, 101 (2d Cir.1970) (quoting 5 U.S.C. § 701). As the First Circuit noted in *Cousins*, "the APA was intended to organize and unify preexisting methods of obtaining judicial

review of agency action." 880 F.2d at 605. Given that there exists a remedy under the APA for obtaining relief in circumstances such as those faced by Kinneary, it is unlikely that Congress' purpose in passing the Rehabilitation Act was to fashion another, especially given that one of the purposes of the APA was to simplify and unify the methods of obtaining judicial review of agency action. *Id.* To imply a private right of action into the Rehabilitation Act would create an inconsistency with the underlying purpose of the wider legislative scheme of agency action review.

In support of his claim that the Rehabilitation Act supports his private right of action against Ridge, Kinneary cites *Doe v. Pfrommer*, 148 F.3d 73 (2d Cir.1998), which held that certain state officials could be sued under the Rehabilitation Act. *Pfrommer*, however, is inapposite as applied to the facts of the instant case. In *Pfrommer*, the plaintiff had been a participant in Vocational Educational Services for Individuals with Disabilities and brought suit over the termination of those services. *Id.* at 76–77. Kinneary, on the other hand, is not a participant in the federal program he is suing; rather, he is subject to that federal program's regulations. As noted above, there is no indication that Congress intended to create a private cause of action against federal agencies acting as regulators. *Cousins*, 880 F.2d at 607.

■ There does not appear to be a compelling reason for this Court to muddy the waters of judicial review of agency action under the APA by implying a parallel private right of action under the Rehabilitation Act.[5] Furthermore, general rules of statutory construction compel the Court to

conclude that there is no implied private right of action in the Rehabilitation Act against the United States when acting as a regulator. Kinneary does not dispute that Ridge, as head of the Department of Homeland Security, is being sued only in his capacity as regulator.[6] As a result, Kinneary's claim against him, which is solely based on the Rehabilitation Act, must be dismissed for lack of subject matter jurisdiction.

### B. MOTION FOR LEAVE TO AMEND

■ Kinneary seeks leave to amend this Complaint to add a claim under the APA. Ridge contends that the Court would not have jurisdiction over the amended claim and that, accordingly, amendment would be futile. Where amendment would be futile, the Court may deny a motion for leave to amend. *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

The procedure for appealing a decision of the Coast Guard is found in 49 U.S.C. § 1133, which states, in pertinent part, that "the National Transportation Safety Board shall review on appeal ... a decision of the head of the department in which the Coast Guard is operating on an appeal from the decision of an administrative law judge denying, revoking, or suspending a license, certificate, document, or register." Congress has mandated that appeals of National Transportation Safety Board orders are properly filed in "[t]he appropriate court of appeals of the United States or the United States Court for the District of Columbia Circuit." 49 U.S.C § 1153(a). Kinneary appealed the agency action taken by the Coast Guard. (Pl.'s Mem. in Opp. at 9.) Accordingly, judicial

---

5. Indeed, Kinneary requests in his Opposition Memorandum leave to amend the Complaint to include a substantively similar claim under the APA.

6. Ridge, through the Coast Guard, filed an administrative complaint against Kinneary pursuant to 46 U.S.C. § 7703(1)(B) and 46 C.F.R. § 5.27 for violations of the Coast Guard regulations requiring random drug tests, 46 C.F.R. §§ 16.230, 16.201(a).

review of final agency action would be from an order of the NTSB, appropriately filed in the Second Circuit Court of Appeals. Therefore, were Kinneary allowed to amend his complaint to bring his APA claim, the Court again would find itself without jurisdiction to adjudicate the matter.

Consequently, the Court denies as futile Kinneary's motion for leave to amend, pursuant to *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

## IV. *CONCLUSION*

Because the Rehabilitation Act does not create a private right of action against Ridge, the Court finds that it lacks any statutory basis to adjudicate Kinneary's claim against Ridge. Kinneary's claim against Ridge is thus dismissed with prejudice. Were Kinneary to amend his complaint to bring an APA claim before this Court, such amendment would be futile because this Court lacks subject matter jurisdiction over his APA claim. Leave to amend is, therefore, denied.

The Court need not and does not reach the issue of whether, as Ridge contends, Kinneary is time barred or prevented by some other defect from advancing his APA claim in the appropriate forum. Furthermore, the Court does not address Ridge's assertion of sovereign immunity.

## V. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Tom Ridge, Secretary of the Department of Homeland Security, to dismiss the complaint against him of plaintiff Joseph Kinneary ("Kinneary") for lack of subject matter jurisdiction is GRANTED; and it is hereby

**ORDERED** that Kinneary's motion for leave to amend his complaint is DENIED.

**SO ORDERED.**