United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60680
Summary Calendar

_____

SCOTT J. PIAS,

Petitioner,

versus

FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

Petition for Review of a Final Order of the
National Transportation Safety Board
(NTSB No. EA-5222)

_____

Before REAVLEY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A Federal Air Surgeon refused to issue Scott Pias a third-class airman medical

certificate. The Administrative Law Judge ("ALJ") and the National Transportation Safety

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Board upheld that decision. We deny Pias' petition for review for the following reasons:

1.  Substantial evidence supports the denial. The ALJ heard extensive testimony from two eminently qualified experts, one in aviation psychiatry, Dr. Almond, and one in general psychiatry, Dr. Chesanow. The ALJ credited the opinions of Drs. Almond and Chesanow, each of whom testified that Pias' condition is severe enough that without his prescribed medication, his symptoms are likely to return and that it is possible that Pias could experience symptoms notwithstanding his medication. Though Pias argues Drs. Almond and Chesanow did not base their opinions on Pias' specific case history, any gaps in information were the result of Pias' infrequent visits to his treating psychiatrist after he began taking Celexa. Drs. Almond and Chesanow worked from the records they had, which indicated that Pias' symptoms returned when he went off medication or changed medications. The ALJ also credited the opinions of Drs. Almond and Chesanow in concluding that Pias' medication, Celexa, carried a significant risk of producing impairing side effects during the unmonitored two-year period that would result upon issuance of the license Pias sought.

2.  Pias' claims that the FAA's denial violates the Americans with Disabilities Act and the Rehabilitation Act suffer from the fatal flaw of making their debut in

Pias' brief to this court, and we therefore do not consider those arguments.[1]
*See Public Citizen, Inc. v. United States EPA*, 343 F.3d 449, 461 (5th Cir. 2003). Pias should have presented those arguments to the ALJ and the NTSB as part of the administrative determination. *See, e.g., Clark v. Skinner*, 937 F.2d 123, 126 (4th Cir. 1991); *Cousins v. Sec'y of United States DOT*, 880 F.2d 603, 610-11 (1st Cir. 1989) (en banc) (Breyer, J.).

PETITION DENIED.

---

[1] We might also ignore this argument for inadequate briefing. *See L & A Contracting Co. v. Southern Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994).